**Marko Tuazon ALMADO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71442.

INS No. A27–203–288.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2003.*

Decided June 2, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON,** District Judge.

### MEMORANDUM ***

Petitioner Marko Tuazon Almado seeks judicial review of a final order of deportation issued on October 10, 2000, by the Board of Immigration Appeals ("BIA"). Almado concedes deportability but argues that he is entitled to asylum.

■ The BIA was not compelled to find that Almado suffered past persecution. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (stating that the standard of review is for substantial evidence). Almado's argument in this regard is based upon the testimony of Almado's mother concerning several encounters with unidentified men who came to the family's home in the Philippines shortly after former Philippine president Ferdinand Marcos was deposed. Neither Almado's mother nor the children were physically harmed, they were not threatened, and the men did not expressly threaten Almado's father. Moreover, the encounters occurred only a handful of times over a period of several months following Corazon Aquino's rise to power, and Almado was living in the United States at the time. These incidents do not rise to the level of persecution. *See, e.g., Lim v. INS,* 224 F.3d 929, 936 (9th Cir. 2000).

■ Additionally, the BIA was not compelled to find that Almado has a well-founded fear of persecution. The Philippine government has never issued an arrest warrant or extradition notice against Almado's father, Almado's father received an honorable discharge from the Philippine military, and other former Marcos security officers have returned to the Philippines without incident. There is no evidence that the Philippine government is targeting Marcos supporters or former Marcos associates. Moreover, Almado still has family in the Philippines who have not been harmed or threatened, and his fear of future persecution is not personalized to him.

Almado has waived his argument regarding suspension of deportation. "It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 924 (9th Cir.1988) (citation and internal quotation marks omitted).

The record reflects that the BIA reinstated the immigration judge's order granting Almado's application for voluntary departure. We also reinstate the order granting Almado's application for voluntary departure.

PETITION DENIED.

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.